NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50188 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-01687-WQH-1 |
| v. | |
| JOANNA ARAGON RAZO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted December 12, 2019
Pasadena, California

Before: BOGGS,[**] WARDLAW, and BEA, Circuit Judges.

Joanna Aragon Razo appeals from her conviction at trial on two counts of

unlawfully transporting an alien, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). We

have jurisdiction under 28 U.S.C. § 1291, and we reverse.

1.    We review de novo whether the district court violated Razo's rights

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

under the Confrontation Clause of the Sixth Amendment by admitting the videotaped deposition testimony of adverse witnesses Anallely Bojorquez-Solano ("Bojorquez") and Josefina Flores-Munoz ("Flores") at her second trial. *United States v. Rodriguez*, 880 F.3d 1151, 1166 (9th Cir. 2018). We conclude that the district court erred by admitting Bojorquez's deposition testimony because the Government failed to carry its burden of showing that Bojorquez was unavailable to testify in person. *See Crawford v. Washington*, 541 U.S. 36, 68 (2004).

Although the prosecutor's decision to attempt to contact Bojorquez only through her attorney was not improper, the burden remains on the Government to demonstrate that "good-faith, available measures" were taken to convince Bojorquez to return from Mexico to testify in person at Razo's second trial. *Rodriguez*, 880 F.3d at 1166–67. The Government had known since at least December 4, 2017—more than three months before the March 20, 2018, second trial—that her attorney did not have a direct phone number for Bojorquez and that the phone number the attorney had for Bojorquez's husband had been disconnected. Yet the Government did not ask the attorney to do anything to secure Bojorquez's presence at the second trial beyond continuing to call the same disconnected number for Bojorquez's husband, which, unsurprisingly, proved to be futile. Importantly, although both the Government and the attorney had an address for Bojorquez in Mexico, neither attempted to contact her by mail.

2

In *Rodriguez*, we held that the Government fails to demonstrate unavailability when it does not attempt to send a letter to a witness at an address in its possession, when it has no other means of contacting him. *Id. Rodriguez* controls here. While the Government argues that a letter would have been unlikely to reach Bojorquez, "doubts that the address . . . was sufficient for a request to be delivered are no excuse for not attempting to contact [her] at that address." *Id.* at 1167.

Because the Government concedes that the erroneous admission of Bojorquez's deposition testimony is not harmless, we reverse and remand for a new trial.[1]

2. We do not decide whether the district court erred by denying Razo's last-minute oral request to access the contents of her locked cell phone, which was in Government custody. If Razo renews her request on remand, the district court may determine, with the benefit of the arguments that were developed more fully on appeal, whether and under what conditions Razo is entitled to access the phone.

**REVERSED; REMANDED.**

---

[1] We do not decide whether the district court erred by admitting Flores's deposition testimony because the erroneous admission of Bojorquez's testimony alone requires reversal, and the Government will have to make additional attempts to contact both witnesses before a retrial.